IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL A. MOHR, D. JACK SAWYER, JR., and TODD TAUTFEST<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK MELLON CORPORATION,<br><br>Defendant. | CIVIL ACTION NO.<br>1:09cv2999-TWT |

<u>ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S RENEWED EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION</u>

The Court has read and considered Defendant Bank of New York Mellon Corporation's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction, as well Plaintiffs Michael A. Mohr, D. Jack Sawyer, Jr.'s Opposition in Response thereto. The Court has considered all evidence filed in support of, and in opposition to, the motion. Additionally, the Court conducted a hearing on April 7, 2010, during which counsel for the parties presented argument on the motion.

1

Now, therefore, having read and considered the parties' written submissions and the argument of counsel, the Court hereby **FINDS and ORDERS** as follows:

In presenting the instant emergency motion for injunctive relief, Defendant had the burden of persuasion in establishing: (1) a substantial likelihood that Defendant will prevail on the merits of its claims; (2) a substantial threat that Defendant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to Defendant outweighs the threatened harm the injunction may do to Plaintiff; and (4) that granting the preliminary injunction will not disserve the public interest. National Distributing Co. v. James B. Beam Distilling Co., 845 F.2d 307, 309 (11th Cir. Fla. 1988). Defendant failed to satisfy its burden of persuasion on all four elements with respect to the non-competition covenant and the non-solicitation of clients covenant at issue.

Specifically, based on the limited evidence contained in the record before the Court, the Court is not persuaded that Defendant is substantially likely to succeed on the merits of its claims seeking enforcement of the non-competition covenant and the non-solicitation of clients covenant.

Furthermore, the Court is not persuaded that Defendant will suffer irreparable injury absent the issuance of the requested injunctive relief premised on those covenants. Based in part on Defendant's own submissions to the Court, Defendant's alleged loss of clients, loss of fees, and loss of income can be calculated and can be adequately compensated by monetary damages if, in fact, Plaintiffs Sawyer and Mohr are found to be violating valid and enforceable covenants restraining competition and restraining solicitation of clients.

Furthermore, the Court is not persuaded that the balance of the equities or the public interest favors the issuance of the requested injunctive relief based on those covenants. Therefore:

The Court **DENIES** Defendant Bank of New York Mellon Corporation's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction as to the non-competition and non-solicitation covenants at issue.

The Court is persuaded that Defendant has satisfied the requisite elements necessary for the issuance of a temporary restraining order and preliminary injunction with respect to the non-solicitation of employees covenant at issue. The Court **GRANTS** Defendant's motion with respect to

3

the non-solicitation of employees covenant.

It is therefore **ORDERED** that:

1. Plaintiffs D. Jack Sawyer, Jr., and Michael Mohr are hereby **PRELIMINARILY ENJOINED** from hiring or employing any employee of Bank of New York Mellon Corporation, or from recruiting, soliciting, or inducing (or in anyway assisting another person or enterprise in recruiting, soliciting, or inducing) any such an individual to terminate his or her employment with Bank of New York Mellon Corporation; provided, however, that Plaintiffs Sawyer and Mohr **ARE NOT ENJOINED** from hiring any employee of the Bank of New York Mellon Corporation who initiates contact with Plaintiffs prior to any such solicitation and **ARE NOT ENJOINED** from soliciting or employing any such employee as a result of advertisements in trade journals, newspapers, or similar publications of general circulation.

This order will expire on or before April 19, 2011, pending further order of the Court.

SO ORDERED THIS <u>14th</u> day of April, 2010, at <u>1:30</u> o'clock <u>p</u>..m.

/s/Thomas W. Thrash
JUDGE THOMAS W. THRASH, JR.
United States District Judge

4